UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-139-PEP

LAVONNE LAMB,                                                PLAINTIFF,


V.                          **MEMORANDUM OPINION
                             AND ORDER**


JO ANNE B. BARNHART,
Commissioner of Social Security,                    DEFENDANT.


## I.  INTRODUCTION

Plaintiff, Lavonne Lamb, has brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Defendant Commissioner denying Plaintiff's application for supplemental security income.  This matter has been referred to the undersigned for decision and entry of final judgment by virtue of the parties' consent pursuant to 28 U.S.C. § 636(c)(1).  Now ripe for decision on the parties' motions for summary judgment, and for the reasons set forth herein, Plaintiff's motion for summary judgment shall be denied, Defendant Commissioner's motion for summary judgment shall be granted, and Judgment shall be entered affirming the final decision of the Defendant Commissioner.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for supplemental security income on July 11, 2002.[1] (Tr. 73-77.) The claim was denied initially and on reconsideration. (Tr. 47-50, 52-55.) At Plaintiff's request, an administrative hearing, presided by Administrative Law Judge James D. Kemper Jr. (hereinafter "ALJ"), was conducted on November 20, 2003. (Tr. 367-396.) Plaintiff, accompanied by her attorney, testified at the hearing. (Id.) Also testifying was vocational expert Leah P. Salyers (hereinafter "VE"). (Id.)

On January 15, 2004, the ALJ issued an adverse administrative decision. (Tr. 11-20.) The ALJ found that Plaintiff was not disabled and therefore did not qualify for supplemental security income. (Id.) The Appeals Council declined to review the ALJ's decision (Tr. 4-6) and Plaintiff now seeks judicial review.

Plaintiff was forty-five years old at the time of the administrative decision. (Tr. 15.) Plaintiff has a twelfth grade education and her past relevant work experience consists of employment as a cashier and sales representative. (Tr. 91, 95.)

At the first step of the sequential evaluation process, see generally 20 C.F.R. § 416.920, the ALJ found that Plaintiff had not engaged in substantial gainful activity

---

[1] Plaintiff previously filed an application for supplemental security income on June 21, 2000. The claim was denied initially and on reconsideration. (Tr. 30.) On May 21, 2002, Administrative Law Judge Andrew J. Chwalibog found that Plaintiff was not disabled and therefore did not qualify for supplemental security income. (Tr. 27-36.) On September 26, 2003, the Appeals Council declined to review the Administrative Law Judge's decision. (Tr. 65-67.) Plaintiff did not seek further appeal in the United States District Court.

since December 31, 1999, the alleged onset date of disability.  (Tr. 19.)  At the second step, the ALJ found that Plaintiff's degenerative disc disease of the lumbar spine and obesity were severe impairments within the meaning of the Regulations, see 20 C.F.R. § 416.920(c).  (Tr. 19.)  However, the ALJ found no severe impairment relating to Plaintiff's complaints of multiple joint pain, hypothyroidism, hypertension, gastro-esophageal reflux disease, and anxiety, see 20 C.F.R. § 416.921.  (Tr. 16.)  At the third step, the ALJ found that Plaintiff's medically determinable impairments did not meet or medically equal an impairment in the Listings, see generally 20 C.F.R. pt. 404, subpt. P, app. 1.  (Tr. 19.)

At the fourth step, the ALJ found that Plaintiff's past relevant work as a sales representative did not require the performance of work-related activities precluded by Plaintiff's residual functional capacity (hereinafter "RFC")[2].  (Tr. 20.)  The ALJ therefore concluded that Plaintiff was capable of performing her past relevant work, see 20 C.F.R. § 416.960(b)(1).  (Tr. 20.)  Accordingly, the ALJ found Plaintiff not disabled at step four of the sequential evaluation process.  See 20 C.F.R. § 416.920(f).

---

[2] An RFC is the assessment of the claimant's maximum remaining capacity to perform work related activities despite the physical and mental limitations caused by the claimant's disability.  20 C.F.R. § 416.945(a)(1); see also Hickey-Haynes v. Barnhart, 2004 U.S. App. LEXIS 25567 at *20 (6th Cir. Dec. 1, 2004); Brown v. Comm'r of Soc. Sec., 2001 U.S. App. LEXIS 708 at *11 (6th Cir. Jan. 12, 2001).  In ths instant case, the ALJ assessed the following RFC: "[Plaintiff] is able to lift or carry twenty pounds occasionally and ten pounds frequently.  [Plaintiff] can never climb ladders, ropes, or scaffolds.  [Plaintiff] can occasionally climb ramps and stairs, balance, stoop, crouch, kneel, and crawl.  [Plaintiff] should avoid concentrated exposure to vibration.  (Tr. 19.)

3

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on April 22, 2005. (Tr. 4-6.) Plaintiff thereafter filed this action.  By virtue of the parties' stipulations of consent (Record No. 6), this matter is before the undersigned for decision upon the parties' motions for summary judgment (Record Nos. 11 and 12), which are now ripe for review.

<u>III. ANALYSIS</u>

A.  <u>General Standard of Review</u>

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence.  42 U.S.C. § 405(g); <u>Abbott v. Sullivan</u>, 905 F.2d 918, 922 (6th Cir. 1990); <u>see also</u> <u>Jones v. Sec'y of Health & Human Servs.</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  Substantial evidence is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  <u>Garner v. Heckler</u>, 745 F.2d 383, 388 (6th Cir. 1984).

Furthermore, the Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. "Substantial evidence exists when a reasonable mind could accept the evidence as

4

adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey  v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993); see also Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6th Cir. 1999).  The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts.  Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).  If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.  Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983); Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987).  Finally, "[t]he court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  Bradley v. Sec'y of Health & Human Servs., 862 F.2d 1224, 1228 (6th Cir. 1988) (citing Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir.1987)).

   B.  Plaintiff's Contentions on Appeal and Analysis

   Plaintiff sole argument on appeal is that the ALJ committed error by relying on non-examining source opinions that were based on an incomplete medical record.  At step two of the sequential evaluation process, the ALJ found that Plaintiff did not have a severe impairment related to anxiety.  (Tr. 16.)  The regulatory definition of a non-severe impairment is an impairment that "does not significantly limit [a claimant's]

physical or mental ability to do basic work activities." 20 C.F.R. § 416.921.

Consequently, the ALJ made no reductions to Plaintiff's RFC on the basis of an

anxiety related impairment.[3]  In the relevant part of his decision, the ALJ stated as

follows:

> [Plaintiff] has received medicinal treatment for complaints of anxiety
> since January 2003.  There have, however, been no objective findings of
> an anxiety disorder and [Plaintiff] has not sought or been referred for
> professional mental health treatment.  The [S]tate agency psychological
> consultants opined there is no medically determinable mental
> impairment.  The undersigned agrees with these assessments.

(Tr. 16) (internal citations omitted).  The assessments of the State agency

psychological consultants referred to in the ALJ's decision were rendered on October

2, 2002 and December 11, 2002.  (Tr. 225-239, 278-292.)  On January 24, 2003, Dr.

Jaya Pampati opined that Plaintiff suffered from an anxiety disorder.[4]  (Tr. 296.)

Thus, at the time the State agency psychological consultants rendered their opinion,

the documentary evidence did not include Dr. Pampati's assessment of an anxiety

disorder.

Plaintiff argues that the opinions of the State agency psychological consultants

cannot constitute the substantial evidence necessary to affirm the ALJ's decision

---

[3] See supra n. 2.

[4] It should be noted that Dr. Pampati is a rheumatologist and not a mental health care
specialist.  (Tr. 335.)

6

because they were rendered on the basis of an incomplete medical record.  In support of her argument, Plaintiff cites <u>Pratts v. Chater</u>, 94 F.3d 34, 38 (2nd Cir. 1996), which held, in part, that a non-examining expert opinion on the basis of an incomplete medical record cannot constitute the substantial evidence necessary to affirm the decision of an ALJ.

Notwithstanding the fact that the Second Circuit's decision <u>Pratts</u> is only persuasive authority, the Court in <u>Pratts</u> did not, as Plaintiff suggests, reverse the administrative decision merely because the ALJ relied on expert testimony that did not have the benefit of later obtained medical evidence.  Rather, the Court found that the ALJ, and subsequently the Appeals Council, did not fulfill their obligation to develop the record as a substantial portion of the claimant's treatment reports were missing from the record.  <u>Id.</u>  Also missing from the record was a portion of the expert testimony actually relied upon by the ALJ.  <u>Id.</u> at 37-38.  The thrust of the Court's objection to the administrative decision in <u>Pratts</u> was aimed at the fact that a disability decision was reached and denied review by the Appeals Council on an obviously incomplete record, not at the fact that the ALJ relied on expert testimony derived from the record without the benefit of later obtained evidence.

In contrast, it is not claimed in the instant case that any of Plaintiff's medical records or any portion of the hearing transcript is missing from the administrative

7

record.  Plaintiff's position is essentially that an expert opinion based on a review of

the medical evidence available at the time cannot constitute substantial evidence in

light of later obtained evidence.  If Plaintiff's position is accepted, it would lead to the

unreasonable result that any expert review of the medical evidence would become

useless the moment subsequent evidence is obtained.

The Regulations provide that the initial responsibility of determining whether

a claimant is disabled rests with State agency medical and psychological consultants.

20 C.F.R. § 416.927(f)(1).  At the ALJ level, although the ultimate responsibility of

reviewing the evidence and making findings of fact rests with the ALJ, 20 C.F.R. §

416.927(f)(2), an opinion by a State agency consultant based on a review of the

evidence in the claimant's record is listed as a type of evidence relevant to a disability

determination, see 20 C.F.R. § 416.912(b)(6).

In fact, the Regulations provide, because of their high qualifications and social

security expertise, that an ALJ "*must* consider findings of State agency medical and

psychological consultants . . . as opinion evidence.  20 C.F.R. § 416. 927(f)(2)(i)

(emphasis added);  see also SSR No. 96-6p, 1996 SSR LEXIS 3 (Soc. Sec. Admin.

1996).  Because most social security claimants undergo treatment or present to

physical or mental examinations for purposes of proving their disability claim, it is

likely that new evidence will regularly be introduced into the record after State agency

8

consultants submit their findings.  The position that the findings of State agency consultants cannot serve as substantial evidence once new evidence is introduced is therefore inconsistent with the regulatory mandate that ALJs consider such findings as opinion evidence.

Furthermore, in the instant case, Plaintiff mis-characterizes the ALJ's use of the State agency consultants' assessments.  Plaintiff's argument hinges on the assumption that the ALJ relied on the assessments in reaching his conclusion that Plaintiff did not have a severe impairment related to anxiety.

However, the ALJ's exact words were as follows: "The [S]tate agency psychological consultants opined there is no medically determinable mental impairment.  The undersigned *agrees* with these assessments." (Tr. 16) (emphasis added).  The word choice suggests that the ALJ based his finding that Plaintiff did not have a severe impairment related to anxiety on his own independent review of the evidence and that his reference to the State agency consultants was intended only to note that his conclusion coincided with their assessments.

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence.  Abbott, 905 F.2d at 922; see also Jones, 945 F.2d at 1368-69.  In the instant case, the ALJ's finding that anxiety did not significantly limit Plaintiff's ability to perform basic work activities is

supported by substantial evidence in the record.

As noted by the ALJ, and notwithstanding Dr. Pampati's subsequent assessment of an anxiety disorder, the record does not contain any objective findings of an anxiety disorder and does not indicate that Plaintiff sought or was referred to professional mental health treatment. The ALJ was entitled to conclude that Dr. Pampati's assessment of an anxiety order did not constitute an objective finding of such an impairment in light of the fact that Dr. Pampati is a rheumatologist and not a mental health care specialist. See 20 C.F.R § 416.927(d)(5) (providing that the weight attached to medical opinions shall depend on certain listed factors, among them and of particular relevance to the instant case is specialization); see also Auxier v. Comm'r of Soc. Sec., 2002 U.S. App. LEXIS 9234 at *9 (6th Cir. May 9, 2002) (discounting the opinion of a anesthesiologist where the impairments related to neurological and orthopedic disorders).

## IV.  CONCLUSION

In sum, the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence in the record. The fact that some of the evidence in the record may support a contrary conclusion is insufficient grounds for reversal. See Casey, 987 F.2d at 1233; Her, 203 F.3d at 389-90. Therefore, for the reasons set forth above,

IT IS ORDERED HEREIN AS FOLLOWS:

10

(1)     Defendant Commissioner's motion for summary judgment (Record No. 12) is hereby GRANTED.

(2)     Plaintiff's motion for summary judgment (Record No. 11) is hereby DENIED.

(3)     Judgment be entered affirming the Commissioner's decision, dismissing this action with prejudice, and directing that this action be stricken from the Court's docket.

Signed January 12, 2006.

**Signed By:**
*Peggy E. Patterson*  Pεp
**United States Magistrate Judge**

Date of Entry and Service:

11